**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELOY MASCORRO,<br><br>                          Plaintiff,<br><br>   v.<br><br>THE CITY OF SAN DIEGO, *et al.*,<br><br>                          Defendants. | Case No. 21-cv-01427-BAS-LL<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2);**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 3); AND**<br><br>**(3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ACCESS COURT AND COURT SYSTEMS (ECF No. 6)** |

**I.     BACKGROUND**

On August 10, 2021, Plaintiff Eloy Mascorro, proceeding *pro se*, filed the present action against Defendants the City of San Diego, Park Ranger John Doe, the San Diego Police Department ("SDPD") Officers 1–4, the San Diego Fire Department ("SDFD"), and

E.M.T.s 1–3.  Mascorro alleges that he was sitting on a bench in Balboa Park when a park ranger approached him and told him to leave.  (Compl. at 2, ECF No. 1.)  Two SDPD officers subsequently approached Mascorro and ordered him to leave.  (*Id.*)  Mascorro did not believe that he was in violation of any laws or park rules.  (*Id.*)  The SDPD officers eventually arrested Mascorro for trespassing.  (*Id.*)  At that time, Mascorro requested medical assistance, and the SDFD arrived on the scene.  (*Id.*)  The SDFD personnel did not offer Mascorro with any care.  (*Id.*)  The SDPD officers placed Mascorro in a hot car for 25 to 40 minutes before transporting him to the SDPD headquarters and then to jail.  (*Id.*)  Upon release from jail, Mascorro went to the hospital and found out that he had a broken arm.  (*Id.*)

Concurrent with the filing of the present action, Mascorro filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and a motion to appoint counsel (ECF No. 3).  On October 5, 2021, Mascorro filed a second civil rights action against the City of San Diego, the SDPD, and SDPD officers, alleging that he was unlawfully detained, searched, and arrested by the SDPD officers on or around October 6, 2020.  *Mascorro v. The City of San Diego, et al.*, 21-cv-01725-BAS-MDD.  On October 18, 2021, the Court entered an Order to Show Cause ("OSC") on why the two actions should not be consolidated, given the similarity in allegations and the parties involved.  (OSC, ECF No. 5.)

Mascorro responded to the OSC.  (ECF No. 6.)  In the same document, Mascorro moves for unimpeded access to enter the court building to "access the Court Clerk in person."  (*Id.* at 2.)  Mascorro also seeks the Court's leave to effect service on opposing counsel by email, file court documents by email, and obtain access to the PACER system free of charge.  (*Id.* at 2.)  Mascorro also moves for reconsideration of the Court's denial of counsel (*id.* at 1), which the Court construes as a supplemental motion to appoint counsel.

The Court finds Mascorro's motions suitable for determination on the papers submitted and without oral argument.  See Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

## II. MASCORRO'S RESPONSE TO THE OSC

Under Federal Rule of Civil Procedure 42(a), the Court may consolidate actions "if actions before the court involve a common question of law or fact." Mascorro's response to the Court's OSC clarifies that although his two civil rights actions name the City of San Diego and the SDPD as Defendants, the underlying incidents are different in time, involve different individuals, and implicate separate legal issues. (ECF No. 6 at 2.) Given this clarification, the Court will keep the two cases as separate actions.

## III. MOTION TO PROCEED IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61

monthly salary and who received $110 per month from family), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Mascorro's application, the Court finds that Mascorro meets the requirements for IFP status under 28 U.S.C. § 1915. Mascorro is unemployed, owns $80 in PayPal debit card, and does not have any money in a bank account. (IFP Mot. ¶¶ 2, 4, ECF No. 2.) Mascorro receives $234 in public assistance and $80 in gifts every month but spends most of the monthly income to buy food and pay for laundry. (*Id.* ¶¶ 1, 8.) Further, Mascorro does not own any real estate, automobile, or any other significant assets. (*Id.* ¶ 5.) Under these circumstances, the Court finds that requiring Mascorro to pay the court filing fees would impair his or her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Mascorro's application for leave to proceed IFP. (ECF No. 2.) However, if it appears at any time in the future that Mascorro's financial picture has improved for any reason, the Court will direct Mascorro to pay the filing fee to the Clerk of the Court. This includes any recovery Mascorro may realize from this suit or others and any assistance Mascorro may receive from family or the government.

### IV. MOTION TO APPOINT COUNSEL

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S.

296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, while the Court does not discount Mascorro's hardships, including his homelessness, lack of financial resources, and lack of government-issued identification, Mascorro's court filings establish that he is capable of legibly articulating the facts and circumstances relevant to the claims raised in the Complaint. The Court thus declines to exercise its limited discretion to request that an attorney represent him *pro bono* pursuant to 28 U.S.C. § 1915(e)(1). *See Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Agyeman*, 390 F.3d at 1103.

## V.     MOTION TO ENTER COURT AND ACCESS ELECTRONIC SYSTEMS

### A.     Accessing Court Premises

Mascorro requests the Court's permission to access the courthouse without having to present a government-issued identification, so that he can save the time and cost of filing motions. The public interest in securing the courthouse by requiring all entrants present government-issued identification outweighs Mascorro's interest to save time or costs to litigate his case. Further, the Court will grant Mascorro leave to file documents electronically, which alleviates Mascorro's hardship from filing documents by mail. Thus,

the Court **DENIES** Mascorro's request for permission to enter the court premises without presenting a government-issued identification.

### B. Serving and Filing Documents by E-mail

Mascorro seeks the Court's leave to file documents and receive notifications of court filings by email. The Court construes this request as a request for permission to use the Court's CM/ECF filing system to electronically file documents and receive electronic notice of case-related transmissions. Mascorro has sufficiently stated that he has access to the necessary equipment and software capabilities to electronically file documents. The Court thus **GRANTS** Mascorro's motion to file documents and receive notifications using the Court's CM/ECF system in accordance with ECF Administrative Policies and Procedures.[1]  **On or before December 22, 2021,** Mascorro must register as a CM/ECF user with the Clerk's Office.

Mascorro also asks for the Court's permission to serve documents to opposing counsel by email. The Court **DENIES** this request **WITHOUT PREJUDICE**. The Court will reconsider this request once opposing counsel files an appearance.

### C. Free Access to the PACER System

Mascorro also moves for the Court's leave to gain free access to PACER, which the Court will grant. The Court has already granted Plaintiff's application to proceed IFP and finds that Mascorro falls within the class of users eligible for a fee exemption listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States. Mascorro has demonstrated that a fee exemption is necessary to avoid unreasonable burdens in litigating this case. The Court therefore **GRANTS** Mascorro an exemption from fees for PACER usage. This exemption covers only fees associated with filing and

---

[1] Available at https://www.casd.uscourts.gov/attorney/filing-procedures.aspx.

accessing the electronic documents in this action. Mascorro shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system.[2]

**IT IS SO ORDERED.**

DATED: December 8, 2021

Hon. Cynthia Bashant
United States District Judge

---

[2] Mascorro is advised to review https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees regarding access to the PACER system.