UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO; PARK RANGER JOHN DOE; SAN DIEGO POLICE DEPARTMENT OFFICERS 1-4; THE SAN DIEGO FIRE DEPARTMENT; EMTS 1-3,<br><br>    Defendants. | Case No.: 21cv1427-LL-AGS<br><br>**ORDER DENYING PLAINTIFF'S PENDING MOTIONS [ECF Nos. 13-16]**<br><br>**ORDER TO SERVE PROCESS ON OR BEFORE APRIL 8, 2022** |

On August 10, 2021, Plaintiff Eloy Mascorro, proceeding pro se, filed the present action against the City of San Diego, Park Ranger John Doe, the San Diego Police Department ("SDPD") Officers 1–4, the San Diego Fire Department ("SDFD"), and EMTs 1–3. Plaintiff alleges that on September 20, 2020, he was sitting on a bench in Balboa Park when a park ranger approached him and told him to leave. Two SDPD officers subsequently approached Plaintiff and ordered him to leave. Plaintiff did not believe that he was in violation of any laws or park rules. The SDPD officers eventually arrested Plaintiff for trespassing. At that time, Plaintiff requested medical assistance, and the SDFD arrived on the scene. The SDFD personnel did not offer Plaintiff any care. The SDPD

officers placed Plaintiff in a hot car for 25 to 40 minutes before transporting him to the SDPD headquarters and then to jail. Upon release from jail, Plaintiff went to the hospital and found out that he had a broken arm. Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP") [ECF No. 2] and a motion to appoint counsel [ECF No. 3]. On December 8, 2021, Judge Bashant granted Plaintiff leave to proceed IFP, but denied his motion to appoint counsel. ECF No. 8. On January 5, 2022, the case was transferred to the below signed district judge. ECF No. 12.

On October 5, 2021, Plaintiff filed a second civil rights action against the City of San Diego, the SDPD, and SDPD officers. *See Mascorro v. The City of San Diego, et al.*, 21cv1725-LL-AGS ("*Mascorro II*"). Plaintiff alleges that on October 6, 2020, he was unlawfully detained, searched, and arrested in Balboa Park by SDPD officers in relation to an arson investigation. *Id*. at ECF No. 1. Plaintiff also claims that while in jail, his property was purposely damaged by members of the SDPD as a result of his previous police misconduct complaints.[1] On October 10, 2021, Judge Bashant again granted Plaintiff leave to proceed IFP, but denied his motion to appoint counsel. *Id*. at ECF No. 4. On December 12, 2021, Judge Bashant denied Plaintiff's motion to reconsider her decision not to recommend the appointment of counsel. *Id.* at ECF No. 8. On January 5, 2022, the case was transferred to the below signed district judge. *Id*. at ECF No. 11.

Since January 5, 2022, Plaintiff filed four ex parte motions in the instant case. ECF Nos. 13-16. "A document filed *pro se* is to be liberally construed . . . . and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167

---

[1] On October 18, 2021, Judge Bashant entered an Order to Show Cause why the two actions should not be consolidated. ECF No. 5. Because the cases involved separate events, this Court is not inclined, at this time, to consolidate the cases, but may revisit the issue in the future.

(9th Cir. 2016), *as amended on reh'g* (Apr. 15, 2016) (reiterating that "[w]hen a petitioner proceeds pro se, . . . the district court must 'construe the pleadings liberally and afford the petitioner the benefit of any doubt'"). All the motions are suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); S.C. Cal. CivLR 7.1(d)(1).

### I. Motion for Reconsideration

On January 6, 2022, Plaintiff filed an ex parte motion for reconsideration of Judge Bashant's December 8, 2021 order denying Plaintiff's motion to appoint counsel. ECF No. 13. Plaintiff argues the Court should have accounted for his mental health and learning disabilities. ECF No. 13 at 2. There is no indication that Judge Bashant failed to take account of Plaintiff's abilities in issuing her previous order, or that if she had, the outcome would have been, or should have been, different. *See* ECF No. 8 at 5 ("[W]hile the Court does not discount Mascorro's hardships, including his homelessness, lack of financial resources, and lack of government-issued identification, Mascorro's court filings establish that he is capable of legibly articulating the facts and circumstances relevant to the claims raised in the Complaint."). Additionally, Judge Bashant not only declined to recommend the appointment of counsel in this case, she declined to do so in Plaintiff's other case. *See Mascorro II*, 21cv1725-LL-AGS, ECF No. 8 at 3-4 ("Mascorro's pleading suggests that he or she is capable of legibly articulating the facts and circumstances relevant to the claims raised in the Complaint."). In that case, Judge Bashant also denied Plaintiff's motion for reconsideration in which Plaintiff specifically raised his "learning disability/mental health issues." *See id*. at ECF No. 7 at 1; *see also id*. at ECF No. 8 (finding that Plaintiff had not demonstrated an exceptional circumstance that would require the appointment of pro bono counsel) (citing *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, for the same reasons stated by Judge Bashant, Plaintiff's motion for reconsideration [ECF No. 13] is **DENIED**.

In Plaintiff's January 6, 2022 motion for reconsideration, he also requests: (1) an order allowing him a "Court I.D./Visitor I.D." so that he may enter the Court and access

public services; (2) an order for a security escort when required I.D. is not able to be provided; and (3) permission to use his CM/ECF account to file an additional lawsuit against the City and the SDPD. *Id*. at 1. However, Judge Bashant already denied a similar motion filed by Plaintiff concerning his identification and access to the courthouse. *See Mascorro II*, 21cv1725-LL-AGS, ECF No. 8 at 2 ("The public interest in securing the courthouse by requiring all entrants present government-issued identification outweighs Mascorro's interest to save time or costs to litigate his case."). Additionally, Judge Bashant already ordered Plaintiff to register as a CM/ECF user with the Clerk's Office by December 22, 2021. *See id*. Accordingly, Plaintiff's requests are **DENIED**. Also, on February 17, 2022, Plaintiff filed an identical request by ex parte motion. ECF No. 16. For the same reasons stated above, Plaintiff's second motion for reconsideration [ECF No. 16] is **DENIED**.

## II.  Motion for Default Judgment

On February 13, 2022, Plaintiff filed an ex parte motion for entry of default judgment, apparently against all named defendants. ECF No. 14. Plaintiff states that on December 8, 2021, "I received an order through my CM/ECF account that a summons had been sent to defendants." *Id*. ¶ 7. He further states that on February 11, 2022, "I sent an email to the City Attorney's Office encouraging the defendants to answer the complaint, my intent to file a motion for default judgment, and that more than 60 days had elapsed for them to respond." *Id*. ¶ 8.

Under Federal Rule of Civil Procedure 12(a) and (b), if a summons and complaint have been served on a defendant, who then fails to respond to the complaint within the allotted time, the defendant is in default. Here, Plaintiff is mistaken that he received notice on December 8, 2021 that a summons was sent to the named defendants, or that even if a summons was "sent," that this would constitute proper and timely service of process. On December 8, 2021, after Judge Bashant granted Plaintiff leave to proceed IFP, the Clerk issued a summons, but the docket does not indicate that the Clerk notified Plaintiff that a copy of the summons was sent to, or properly served on, the named defendants. Under

Federal Rule of Civil Procedure 4, it is Plaintiff's responsibility to timely and properly serve the summons on each defendant, along with a copy of the complaint. Moreover, before a party may move for default judgment, there must be an entry of default. *See* Fed. R. Civ. P. 55(a)-(b); *Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). Accordingly, Plaintiff's motion for default judgment [ECF No. 14] is **DENIED**.

### III.  Other Ex Parte Motion

On February 14, 2022, Plaintiff filed an ex parte motion requesting orders (1) "to either allow me to file another lawsuit using my current CM/ECF or make alternative arrangements for me to enter the building housing the Court Clerk's office so I may file in person without needing a government ID" and (2) "that the Court Clerk's Office send all mail by email in addition to delivered mail as a precaution so that I may receive all correspondence in a timely manner." ECF No. 15 at 1. As noted above, however, Judge Bashant already denied a similar motion, but gave Plaintiff permission to register as a CM/ECF user, which would allow him to receive email notifications of all filings and Court activity. *See Mascorro II*, 21cv1725-LL-AGS, ECF No. 8 at 2. With respect to Plaintiff's request for permission to file another lawsuit, it is not clear that he needs this Court's permission, or why he cannot file a lawsuit by the same means he used to file his past three lawsuits. Accordingly, Plaintiff's other ex parte motion [ECF No. 15] is **DENIED**.[2]

### IV.  Failure to Serve Process

As noted above, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90

---

[2] Plaintiff also repeats his requests for reconsideration of Judge Bashant's order denying the appointment of pro bono counsel. As noted above, that request was denied. Mascorro also moves "this Court to provide the Court rule requiring a government I.D. to enter the building to access the Court or Court Clerk." ECF No. 15 at 2. Because Judge Bashant and this Court have already addressed issues raised by Plaintiff related to his identification, and because there are various presumptions contained in his request, this request is **DENIED**.

days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also* S.D. Cal. Civ. R. 41.1(a) (providing that "[a]ctions or proceedings which have been pending for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution"); *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970) (affirming "[t]hat a court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41(b), F. R. Civ. P., or under its local rule, or even in the absence of such rules, is settled in this circuit"). "The exercise of the power to dismiss is discretionary and will be reversed only for an abuse." *States S. S. Co.*, 426 F.2d at 804. "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

As noted above, Plaintiff filed his complaint in this case on August 10, 2021 and a summons was issued on December 8, 2021. Plaintiff's email address is now listed on the docket as part of his contact information with the notation that he is "pro se allowed to efile." Plaintiff has not, however, filed proof of service on any of the named defendants, and none of the named defendants have appeared. Accordingly, Plaintiff is **ORDERED** to serve a copy of the summons and complaint on the City of San Diego, and to file proof of service on CM/ECF, on or before **April 8, 2022**. The manner of service must be consistent with the Federal Rules of Civil Procedure for service of process, most importantly, Rule 4. Failure to serve any of the named defendants, or to file proof of service, on or before **April 8, 2022**, will result in dismissal of the case without prejudice.

### V. Conclusion

For the foregoing reasons, Plaintiff's ex parte motions [ECF No. 13-16] are **DENIED**. Plaintiff is **ORDERED** to serve process on the City of San Diego, and to file proof of service, on or before **April 8, 2022**.

**IT IS SO ORDERED**.

Dated: March 8, 2022

Honorable Linda Lopez
United States District Judge