UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 21-cv-1427-RSH-DDL<br><br>**ORDER:**<br><br>**(1) DENYING STAY PENDING APPEAL,**<br><br>**(2) GRANTING CLARIFICATION AND DENYING RECONSIDERATION, AND**<br><br>**(3) OVERRULING OBJECTIONS**<br><br>[ECF Nos. 138, 139, 141] |

　　　　On November 22, 2023, the Court issued an order (1) granting in part and denying in part defense motions to dismiss, (2) denying Plaintiff's motion for summary judgment, and (3) denying Plaintiff's motion for leave to file new lawsuits. ECF No. 136. After that order was issued, Plaintiff has made several filings related to that order: (1) a set of objections, pursuant to Federal Rule of Civil Procedure 72, ECF No. 138; (2) a motion for clarification of the order denying Plaintiff's motion for leave to file new lawsuits, along

with a motion to reconsider, ECF No. 139; and (3) a motion to stay the proceedings pending Plaintiff's appeal of the order, ECF No. 141. The Court addresses these requests below.

## I. MOTION FOR STAY PENDING APPEAL

On December 13, 2023, Plaintiff filed a motion to stay the case pending his appeal of the Court's November 22, 2023 order. ECF No. 141. Plaintiff thereafter filed a notice of appeal. ECF No. 142.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. Relevant factors include: (1) "the possible damage that may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice . . ." *CMAX, Inc.*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

Here, Plaintiff does not claim that he would suffer any hardship or inequity in being required to go forward with the case. Instead, Plaintiff argues that the Court's order was erroneous, and that it would be "practical and equitable" to stay this case until the Court of Appeals rules on his appeal. ECF No. 141 at 2-3. Plaintiff has not met his burden of showing that a stay is warranted, and the Court finds that a stay would interfere with the

orderly course of justice in this lawsuit, filed over two years ago.[1] Plaintiff's motion for a stay (ECF No. 141) is therefore denied.

## II.   MOTION FOR CLARIFICATION AND TO RECONSIDER

Plaintiff also seeks clarification and reconsideration of that portion of the Court's November 22, 2023 order denying his motion for leave to file new lawsuits.

Plaintiff had previously moved for leave to electronically file new lawsuits by CM/ECF, stating that "these new lawsuits involve multiple defendants and involve injuries that are too different from this current lawsuit (21-cv-1427) that they cannot be consolidated." ECF No. 134 at 2. In denying this request, the Court noted that it had previously denied a substantially similar motion by Plaintiff (ECF No. 116 at 3-4), and that it was denying Plaintiff's subsequent motion for the same reasons. ECF No. 136 at 40.

In the earlier order, the Court noted that Plaintiff was requesting changes to his CM/ECF account to facilitate filing a new lawsuit electronically as a *pro se* plaintiff. ECF No. 116 at 3. The Court stated that it "decline[d] to order changes to the CM/ECF system generally or to Plaintiff's account specifically. If Plaintiff has technical difficulties with his filings, he must contact the CM/ECF helpdesk." *Id.* at 2-3. The same rationale applies here. To the extent Plaintiff is asking for some modification to his CM/ECF account or to the CM/ECF filing system generally, the Court declines to order it. Plaintiff is not entitled to special rules, settings, or system architecture to accommodate his desire to conveniently

---

[1]   While some district courts in the Ninth Circuit have applied the *Landis* standard in evaluating a motion to stay pending an interlocutory appeal, others have applied the standard from *Nken v. Holder*, 556 U.S. 418 (2009), which directs courts to consider courts to consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken*, 556 U.S. at 434). Plaintiff has not shown that any of these factors favor granting a stay.

file additional lawsuits.² Additionally, Plaintiff's current lawsuit is not a proper vehicle for seeking relief relating to future, unrelated lawsuits he is planning.

Plaintiff complains that he cannot enter the U.S. courthouse to file a new lawsuit because he "lost his wallet and could not obtain a new identification card because he did not have his birth certificate and was indigent." ECF No. 139 at 2. However, as early as November 22, 2021, Plaintiff stated in an affidavit in a related case that he had lost his wallet but was "in the process of obtaining a new I.D." *Mascorro v. County of San Diego*, No. 21-cv-2012, ECF No. 3 at 2. He has had abundant time to obtain a new birth certificate, to produce an alternative form of identification in order to obtain a California identification card, to send someone else into the courthouse to file his new lawsuit, or to simply mail his new complaint to the Clerk's Office.

Plaintiff's motion for clarification (ECF No. 139) is therefore granted, consistent with the discussion above, and his motion to reconsider contained in that same filing is denied.

### III.  OBJECTIONS PURSUANT TO RULE 72

Plaintiff has filed a set of objections to the Court's November 22, 2023 order, pursuant to Federal Rule of Civil Procedure 72(a). ECF No. 138. Rule 72(a) provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the magistrate judge may conduct the required proceedings and issue a decision. Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id.*

---

² Plaintiff states that earlier in this case, a previous judge "allow[ed] Plaintiff to file electronically and ordered the clerks office to print and mail the documents that had been filed by Plaintiff electronically." ECF No. 139 at 4. The fact that Plaintiff was accommodated in this manner for transmitting relevant paperwork to the U.S. Marshals for service of process, ECF No. 20 at 2, does not mean that the Court must accommodate every future request that Plaintiff makes for a special accommodation or explain in a manner satisfactory to him why it is not doing so. The rules and procedures that apply to the public generally also apply presumptively to Plaintiff.

Here, the order to which Plaintiff objects was not referred to or decided by a U.S. Magistrate Judge. The procedures set forth in Rule 72(a) are therefore inapplicable. Plaintiff's objections (ECF No. 138) are overruled.

## IV. CONCLUSION

For the foregoing reasons:

1. Plaintiff's objections (ECF No. 138) are **OVERRULED**;

2. Plaintiff's motion for clarification is **GRANTED** and his motion for reconsideration is **DENIED** (ECF No. 139); and

3. Plaintiff's motion for a stay pending appeal (ECF No. 141) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 3, 2024

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge