UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>                            Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>                           Defendants. | Case No.: 21-cv-1427-RSH-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL AND FOR STAY**<br><br>[ECF No. 192] |

      On May 21, 2024, Plaintiff filed an "Emergency Motion for Permission to Appeal Before Final Order and Motion to Stay Proceedings." ECF No. 192. Plaintiff states, "[t]his filing is intended to be a motion for permission to appeal this court's decision to deny Plaintiff[']s motion for reconsideration and of final judgment." *Id.* at 1. He appears to seek leave to appeal the Court's order of April 24, 2024, ECF No. 181, in which the Court denied Plaintiff's motion to reconsider the Court's order of January 3, 2024, ECF No. 145, in which the Court denied Plaintiff's motion to reconsider the Court's order of November 22, 2023, ECF No. 136, which dismissed various claims and defendants from the case.

      Plaintiff previously filed an interlocutory appeal of the order of November 22, 2023, which on January 19, 2024, the U.S. Court of Appeals dismissed for lack of jurisdiction in the absence of a final judgment. ECF No. 151. Plaintiff's current motion therefore appears

to seek entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as to those defendants who have been dismissed from the action, to facilitate Plaintiff immediately appealing that ruling rather than awaiting the conclusion of his case in this Court.

Rule 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54. Under this rule, "[w]hen the district court dismisses claims against one of a number of parties, it has discretion to direct the entry of a final judgment as to that party only if the court expressly determines that there is no just reason to delay." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (cleaned up). The Ninth Circuit has stated that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005). It has also stated that "Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). *See also Frank Briscoe Co., Inc. v. Morrison-Knudson Co., Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.") (internal quotation marks omitted).

The Court declines to exercise its discretion to direct entry of final judgment. There is no reason why the Court of Appeals should consider this routine case in piecemeal

fashion. Plaintiff does not articulate a pressing need for seeking early appellate review of portions of this case; he simply disagrees with the rulings of this Court and believes that the sooner those rulings are reviewed, the sooner he will prevail. The docket in this case reflects repetitive filings by Plaintiff challenging the same rulings for largely the same reasons; to direct final entry of judgment at this stage may similarly and prematurely multiply the proceedings before the Court of Appeals. Of course, the Court of Appeals will ultimately have jurisdiction to review a final judgment in this case.

Plaintiff's request for entry of final judgment is therefore denied. Because the Ninth Circuit has already held that it lacks jurisdiction over Plaintiff's interlocutory appeal, the Court also denies Plaintiff's request for a stay pending appeal.

The conclusion of Plaintiff's motion does not refer to an interlocutory appeal or his request for a stay, but states that he "requests that the Court reconsider its decision to deny the motion to reconsider the order dismissing the claims in this action." ECF No. 192 at 6. His motion refers to "new evidence" but does not specify what that new evidence is. *Id.* at 5, 6. He also contends that the Court's earlier rulings were erroneous. *Id.* at 4, 5. As set forth above, the Court has previously denied a motion to reconsider its November 22, 2023 order, as well as a motion to reconsider that denial. The Court likewise denies Plaintiff's most recent request to reconsider based on Plaintiff's failure to show entitlement to relief, and for the reasons stated in the previous orders.

Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 1, 2024

_____
Hon. Robert S. Huie
United States District Judge