1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>                                    Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No.:  21-cv-1427-RSH-DDL<br><br>**ORDER: (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND**<br><br>**(4) DISMISSING DOE DEFENDANTS**<br><br>[ECF Nos. 218, 219, 221] |

Before the Court is a motion for summary judgment filed by the remaining named defendants in the case, San Diego Police Officers Travis Larson, Eduardo Rodriguez, and Bradford Green ("Defendants" or the "Officer Defendants"). ECF No. 218. As set forth below, the motion is granted.

///

# I.    BACKGROUND

## A.    Procedural History

On August 8, 2023, Plaintiff filed his Third Amended Complaint ("TAC"), the operative pleading. ECF No. 117. The TAC was brought against sixteen defendants, including the Officer Defendants, and alleged fifteen claims. *Id.* On November 22, 2023, the Court granted motions to dismiss as to all claims and all named defendants, except as to Plaintiff's claim for unlawful arrest (Claim One) against the Officer Defendants. ECF No. 136. The Court gave Plaintiff leave to amend as to certain claims by filing a fourth amended complaint, *id.* at 40, but Plaintiff declined to do so.

In brief, Plaintiff's claim against the Officer Defendants alleges that on September 20, 2020, the Officer Defendants unlawfully arrested him after he refused to leave a bench outside the door of the House of Norway in Balboa Park in San Diego, California. TAC at ¶¶ 11–23.

Following the close of discovery, on November 19, 2024, the Officer Defendants filed a motion for summary judgment, accompanied by supporting evidence. ECF No. 218. On December 1, 2024, Plaintiff filed an "affidavit in opposition" to the summary judgment motion. ECF No. 220.

Plaintiff has two other filings pending. On November 29, 2024, Plaintiff filed a request for judicial notice, in which he also requests relief under Rule 60. ECF No. 219. On December 1, 2024, Plaintiff filed a motion for reconsideration of the Court's order of January 4, 2023. ECF No. 221.

## B.    Facts

The following facts are taken from declarations, deposition testimony, discovery responses, body worn camera footage and transcripts submitted by Defendants in connection with their summary judgment motion. Plaintiff has not offered any evidence in opposition.

On Sunday morning, September 20, 2020, at approximately 9:58 a.m., defendant Larson was on duty, in full uniform and assigned to a marked patrol unit. Declaration of

Travis Larson ("Larson Decl.," ECF No. 218-2) ¶ 3. At that time, he responded to a call for service in Balboa Park regarding a male refusing to leave private property at the House of Norway, located at 2100 Pan American Road in San Diego. *Id.* Both he and defendant Rodriguez responded to the scene. *Id.*; Declaration of Eduardo Rodriguez ("Rodriguez Decl.," ECF No. 218-13) ¶ 4.

Upon arrival, Larson spoke to Maury Lee. Larson Decl. ¶ 4; Declaration of Maury Lee ("Lee Decl.," ECF No. 218-3) ¶ 6. Lee informed the officers that he served on the executive board for the House of Pacific Relations and was in charge of maintenance for the House of Norway. Larson Decl. ¶ 4; Lee Decl. ¶ 6; Rodriguez Decl. ¶ 5. Lee advised that he was trying to clean the patio area of the House of Norway that morning, but that Plaintiff was in the back porch area and was refusing to leave. Larson Decl. ¶ 4; Lee Decl. ¶ 7; Rodriguez Decl. ¶ 5. Lee told officers he had had multiple run-ins with Plaintiff sleeping in the porch area in the past and told the officers he wanted Plaintiff removed. Lee Decl. ¶¶ 6–7.

The rear entrance to the House of Norway has a small patio or alcove, enclosed on two sides by walls with built-in benches, just outside the door of the building. Larson Decl. ¶ 16; ECF Nos. 218-7 (footage from Body Worn Camera); 218-10 at 3; 218-11 at 3. At all times during his interactions with Lee and prior to his arrest, Plaintiff was seated in the alcove on one of the benches attached to the building, just outside the building's rear entrance. ECF Nos. 218-2 ¶ 16; 218-7. The Body Worn Camera footage also reflects that Plaintiff had a bicycle and other possessions occupying space in the small alcove. ECF No. 218-7. Lee told the officers that he had called the park rangers to assist him in removing Plaintiff from the patio area. Larson Decl. ¶ 4; Rodriguez Decl. ¶ 5.

Larson then spoke with park ranger Zadok Othniel, who stated he had responded to a call from Lee earlier that morning and attempted to speak to Plaintiff and have him leave the area. Larson Decl. ¶ 5; Declaration of Zadok Othniel ("Othniel Decl.," ECF No. 218-4) ¶¶ 4–7. Othniel had told Plaintiff that Lee simply wanted to sweep the patio area, and that Plaintiff could return in approximately 20-30 minutes once the area was swept and

cleaned. Othniel Decl. ¶ 5. Plaintiff had refused to provide his name or comply with Othniel's directions, and as a result, Othniel had called the San Diego Police Department for help. Larson Decl. ¶ 5; Othniel Decl. ¶ 6; Rodriguez Decl. ¶ 6.

Larson then spoke to Plaintiff. Larson Decl. ¶ 5. Larson told Plaintiff that the bench where he was sitting "was not public property." ECF No. 218-9 (Tr. of footage from Body Worn Camera) at p. 2:17–20. Plaintiff responded, "Yeah, it is. This is publicly accessible." *Id.* at p. 2:19–21. Plaintiff appeared to be recording the interactions with officers on his cell phone. ECF No. 218-7. Plaintiff asked the officers for their badge numbers, and two officers gave Plaintiff their badge numbers. ECF No. 218-9 at 3:6–15. Larson then asked if they could have Plaintiff's name, and Plaintiff responded, "Nah. I'm not doing anything illegal." *Id.* at p. 3:16–19. Larson repeatedly asked Plaintiff to leave the bench, but Plaintiff continued to argue that he was on public property and refused to leave. *Id.* at pp. 3:21–4:25.

Larson then told Plaintiff, "Okay. Well then I'm going to put you in handcuffs … then we'll walk you out of here." *Id.* at pp. 4:24–5:3. Plaintiff then stood up and placed his hands behind his back. Larson Decl. ¶¶ 7, 16; ECF No. 218-7. Rodriguez assisted Larson with placing handcuffs on Plaintiff. Larson Decl. ¶¶ 7, 16; ECF No. 218-7; Rodriguez Decl. ¶ 8. Plaintiff was arrested for trespassing and for refusing to provide his identification when requested by police. Larson Decl. ¶ 11; Rodriguez Decl. ¶ 9.

With seconds of being handcuffed, Plaintiff stated, "[c]all EMS. I'm having a panic attack. I'm gonna need EMS." ECF No. 218-9 at p. 5:4–5. Larson called for medical assistance, *id.* at p. 6:4–7, and Rodriguez walked Plaintiff over to the police vehicle, Rodriguez Decl. ¶ 10. Plaintiff stated, "[a]nd go call your sergeant, too." ECF No. 219-9 at p. 6:21. Larson asked Plaintiff why he was requesting a sergeant, and Plaintiff stated, "'cause you're a scumbag, and I want to report you." *Id.* at p. 6:24–25. Plaintiff added, "Hurry up. You go do it." *Id.* at p. 7:5.

Sergeant Green, and a fire engine with paramedics, arrived within minutes. ECF No. Larson Decl. ¶¶ 8–10; ECF No. 218-7; Rodriguez Decl. ¶¶ 10–11. Plaintiff repeatedly

refused to sign a citation, and was told that he would therefore be taken to jail. ECF No. 218-9 at pp. 9:2-10:15 (Officer: "Maybe you should sign your ticket." Plaintiff: "Maybe you should kiss my ass."). Fire medics evaluated Plaintiff, and opined he was in good health and did not need to be medically transported to a hospital. Larson Decl. ¶ 9; ECF No. 218-9 at pp. 11:23–14:4.

## II.    LEGAL STANDARD

"[A]n ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules[.]" *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden by: (1) presenting evidence that negates an essential element of the nonmoving party's case; or (2) demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id*. at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

If the movant fails to discharge this initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970). If the moving party meets this initial burden, however, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

1   *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Triton Energy Corp. v.*

2   *Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of

3   evidence in support of the non-moving party's position is not sufficient.") (citing *Anderson*,

4   477 U.S. at 252)). Rather, the nonmoving party must "go beyond the pleadings" and by

5   "the depositions, answers to interrogatories, and admissions on file," designate "specific

6   facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed.

7   R. Civ. P. 56(e)).

8        When making this determination, the court must view all inferences drawn from the

9   underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475

10   U.S. at 587. "Credibility determinations, the weighing of the evidence, and the drawing of

11   legitimate inferences from the facts are jury functions, not those of a judge, [when] he is

12   ruling on a motion for summary judgment . . . ." *Anderson*, 477 U.S. at 255.

13   **III.    ANALYSIS**

14       **A.    Plaintiff's Claim for Unlawful Arrest**

15        The Officer Defendants argue that based on the undisputed facts, they are entitled to

16   summary judgment because their arrest of Plaintiff was lawful and supported by probable

17   cause that Plaintiff was trespassing. ECF No. 218 at 11–12.

18        "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

19   Amendment, provided the arrest was without probable cause or other justification." *Dubner*

20   *v. City & Cty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause for a warrantless

21   arrest arises when the facts and circumstances within the officer's knowledge are sufficient

22   to warrant a prudent person to believe that the suspect has committed an offense." *Lingo v.*

23   *City of Salem*, 832 F.3d 953, 960 (9th Cir. 2016) (internal quotation marks omitted). "The

24   facts must be such that a prudent person would conclude that there was a 'fair probability'

25   the individual committed the crime." *Id.* Probable cause "is not a high bar: It requires only

26   the kind of fair probability on which reasonable and prudent [people,] not legal technicians,

27   act." *Kaley v. United States*, 571 U.S. 320, 338 (2014) (internal quotation marks omitted).

28   ///

Under California law, criminal trespass is defined to include "[e]ntering and occupying real property or structures of any kind without the consent of the owner, the owner's agent, or the person in lawful possession." Cal. Penal Code § 602(m). Trespass is also defined to include:

> Refusing or failing to leave land, real property, or structures belonging to, or lawfully occupied by, another and not open to the general public, upon being requested to leave by (1) a peace officer at the request of the owner, the owner's agent, or the person in lawful possession, and upon being informed by the peace officer that they are acting at the request of the owner, the owner's agent, or the person in lawful possession, or (2) the owner, the owner's agent, or the person in lawful possession.

Cal. Penal Code § 602(o).

The undisputed facts here establish that Larson and Rodriguez had probable cause to arrest Plaintiff. The officers were responding to a complaint by Lee, who identified himself as a member of the executive board of the House of Pacific Relations, in charge of maintenance for the House of Norway. Lee told the officers that he discovered Plaintiff in the alcove when Lee was trying to clean the property, and that Plaintiff refused to leave. Officers also spoke with park ranger Othniel, who similarly reported Lee's complaint and as well as Othniel's own interactions with Plaintiff, in which Plaintiff refused to leave even temporarily. Larson's own interactions with Plaintiff were consistent: Larson observed Plaintiff on the bench in the small alcove, and Plaintiff refused Larson's direction to leave. Rodriguez's observations were similar.

Plaintiff's "affidavit in opposition to defendants['] motion to dismiss," ECF No. 220, which the Court construes as an opposition the summary judgment motion, does not contest any of these facts or meaningfully address the arguments contained in the Officer Defendants' motion.

The Court also considers Plaintiff's filing captioned "motion for judicial notice in opposition to Defendants' motion to dismiss; motion for Rule 60." ECF No. 219. This filing recites that it is "intended to be … two motions, the first is a motion for judicial

notice of new evidence and information that can be reasonably disputed by the defendants and the second is a motion for [R]ule 60 of the FRCP, that any errors or excusable neglect of any official procedure be excused by the court if any errors or neglect cause the proceedings to be unfair to the defendants." *Id.* at 1–2. Among the "new evidence," Plaintiff includes bylaws of the House of Norway; Plaintiff states that the document was downloaded from the web site of the House of Norway, "and describes Maury Lee as The Quartermaster/Sergeant at arms and the duties of this position which contradict the defendants narrative of why or how Maury Lee can trespass a person from a building held in the public trust." *Id.* at 4. However, those bylaws indicate that the position of "Quartermaster/Sergeant at Arms" is an officer of the House of Norway and a member of the House Board, ECF No. 219-5 at Art. IV § 1, and that such a position "must … [b]e the custodian of all maintenance needs of the House of Norway and surrounding area," *id.* Art. V § 5, all consistent with Lee's statements discussed above. The remaining exhibits do not appear to have any bearing on the pending summary judgment motion; although two exhibits relate to the San Diego Police Department's use of body worn cameras, Plaintiff does not challenge the footage offered by the Officer Defendants here as inauthentic.[1]

In light of the evidence Plaintiff himself submitted, and drawing all inferences from the foregoing facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff's arrest was supported by probable cause. Larson reasonably believed that Plaintiff was refusing to leave private property after being requested to do so. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 473 (9th Cir. 2007) ("As long as the officers had some reasonable basis to believe [plaintiff] had committed a crime, the arrest is justified as being [] based on probable cause."). Plaintiff's insistence that he was sitting on

---

[1]    The Court **GRANTS IN PART** Plaintiff's request for judicial notice [ECF No. 219] to the extent it seeks judicial consideration of these exhibits. The Court **DENIES** Plaintiff's request under Rule 60 ("Relief from a Judgment or Order"), as Plaintiff has not identified a judgment or order from which he seeks relief.

public property did not negate that probable cause. *See Blankenhorn,* 485 F.3d at 475 ("[O]ur inquiry is not whether [plaintiff] was trespassing. Rather, it is whether a reasonable officer had probable cause to think he could have been."); *Haley v. Anguiano*, No. CV 23-582-SB(E), 2024 WL 3463138, at *5 (C.D. Cal. June 12, 2024) (plaintiff's denials of wrongdoing "cannot avoid summary judgment" where the issue was "whether [defendant] had probable cause to arrest [plaintiff], not whether [plaintiff] in fact committed a crime"), *report and recommendation adopted*, No. 2:23-CV-00582-SB-E, 2024 WL 3463639 (C.D. Cal. July 17, 2024), *appeal dismissed*, No. 24-4864, 2024 WL 4763877 (9th Cir. Nov. 12, 2024); *Savage v. Jackson Cnty.*, No. 1:14-CV-01631-CL, 2016 WL 11664611, at *2 (D. Or. July 14, 2016) ("Defendants do not need to show that the Plaintiff was actually guilty; they merely need to show they had probable cause to effectuate the arrest."); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) ("[T]he proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."); *Ulmer v. Associated Dry Goods Corp.*, 823 F.2d 1278, 1284 (8th Cir. 1987) ("Probable cause does not require proof that the suspect is actually guilty of the offense charged.").

With respect to Green, the undisputed facts show Green arrived at the scene only after Plaintiff's arrest. There is no evidence of a causal connection between any action taken by Green and the alleged constitutional violation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (summary judgment properly granted in favor of police chief on § 1983 claim where there was no allegation the chief was personally involved or did anything subsequent to the incident that could affect plaintiff's liability); *Redmond v. San Jose Police Dep't*, No. 14-CV-02345-BLF, 2017 WL 5495977, at *21 (N.D. Cal. Nov. 16, 2017) (granting summary judgment in favor of officers not involved in unlawful arrest).

///

///

The Court concludes that the Officer Defendants are entitled to summary judgment on Plaintiff's claim for unlawful arrest and **GRANTS** Defendants' motion for summary judgment as to this claim.

### B.    Doe Defendants

In light of the instant Order and the Court's prior November 22, 2023 Order [ECF No. 136], the only surviving claims in this action are Plaintiff's claim for intentional infliction of emotional distress against Doe 1 and claim for violation of the Bane Act, California Civil Code § 52.1 against Doe 2. ECF No. 117.

Courts in the Ninth Circuit "have consistently held that the opportunity to name Doe defendants ends with the close of discovery." *Fennell v. Jackson Cnty.*, No. 1:22-CV-02003-HZ, 2024 WL 2249826, at *6 (D. Or. May 17, 2024) (collecting cases); *see Reed v. Cox*, 821 F. App'x 836, 837 (9th Cir. 2020) ("The district court properly granted summary judgment" on plaintiff's claim where plaintiff "failed to identify the John Doe defendant after the completion of nearly two years of discovery."); *Wilgus v. Bannister*, 719 F. App'x 721, 722 (9th Cir. 2018) ("The district court properly dismissed [plaintiff's] excessive force claim because [plaintiff] failed to identify the John Doe defendant after completing discovery."); *Reed v. Cox*, 821 F. App'x 836, 837 (9th Cir. 2020) ("The district court properly granted summary judgment on [plaintiff's] destruction of property claim because [plaintiff] failed to identify the John Doe defendant after the completion of nearly two years of discovery."); *Lennox v. City of Sacramento*, No. 2:21-CV-02075-DAD-CSK, 2024 WL 3845378, at *2 (E.D. Cal. Aug. 16, 2024) (dismissing unidentified Doe defendants after the close of discovery); *Entsminger v. Aranas*, No. 316CV00555MMDWGC, 2021 WL 4394773, at *3 (D. Nev. Sept. 24, 2021) ("Because discovery has now closed and [plaintiff] cannot provide the Doe Defendants' names, the Court finds that they should be dismissed without prejudice.").

Here, Plaintiff filed his operative Third Amended Complaint on August 8, 2023. ECF No. 117. Fact discovery in this case closed on July 29, 2024. ECF No. 157 at 4. Although discovery has long closed, Plaintiff has still failed to identify Does 1 and 2.

Plaintiff's case cannot proceed against Doe defendants who have neither been served nor named. For these reasons, the Court **DISMISSES** Does 1 and 2 from this case.

### B.    Plaintiff's Motion for Reconsideration

On December 1, 2024, Plaintiff filed a motion, ECF No. 221, seeking reconsideration of an order of the Court entered approximately two years before on January 4, 2023. ECF No. 55. The Court's standard procedures for *in forma pauperis* actions require plaintiffs who seek to have the U.S. Marshals Service ("USMS") effectuate service of process at no cost to provide the USMS with copies of the needed documents, including copies of the summons and complaint, as well as a form USM-285 completed by the plaintiff. *See* ECF No. 55 at 4 (example of U.S. District Court IFP letter). Plaintiff requested an order from the Court allowing him a special accommodation, directing the Clerk's Office to send these documents on Plaintiff's behalf to the USMS directly. ECF No. 49. The Court declined to issue such an order, stating that Plaintiff is required to follow the instructions on the District Court's IFP letter like other plaintiffs proceeding IFP. ECF No. 55. The Court referred Plaintiff to that letter, directed the Clerk to provide Plaintiff with additional copies of the relevant documents, and explained how Plaintiff—who had registered as an electronic filer—could access those documents electronically. *Id.* The Court entered similar orders in two related cases. *Mascorro v. The City of San Diego et al.*, No. 3:21-cv-01725-RSH-DDL, ECF No. 25; *Mascorro v. The County of San Diego*, No. 21-cv-2012-RSH-DDL, ECF No. 28.

Since then, Plaintiff has requested that the Court allow for "alternative" methods of service. ECF Nos. 103; 114; 115; 139. The Court has denied those requests. ECF Nos. 105 at 22; 116 at 5–7; 145 at 4. Plaintiff alleges that the Court has made false statements, has disregarded the evidence, and has violated the canons contained in the Code of Conduct for United States Judges. ECF No. 221 at 3.

Plaintiff claims that the Court's refusal to allow him a special accommodation prevents him from filing a motion for leave to amend that would identify "Doe" defendants and add new defendants. *Id.* at 3 ("Since the doe defendants cannot be properly served until

the unconstitutional restrictions placed by the court are lifted, plaintiff cannot file for leave to amend a new complaint that would properly name the doe defendants"). However, the Court has never precluded Plaintiff from filing a motion for leave to amend. The Court declines Plaintiff's most recent invitation to revisit its prior ruling.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [ECF No. 218] is **GRANTED**. The Clerk of Court shall enter judgment in favor of the Officer Defendants. The Court further **DISMISSES** Does 1 and 2 from the case. Plaintiff's request for judicial notice [ECF No. 219] is **GRANTED IN PART** and **DENIED IN PART** as set forth above. Plaintiff's motion for reconsideration [ECF No. 221] is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: January 22, 2025

_Robert S Huie_

_____
Hon. Robert S. Huie
United States District Judge