UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 21-cv-1427-RSH-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COSTS OF TRANSCRIPTS**<br><br>**[Dkt. No. 230]** |

## I.

## INTRODUCTION

On January 24 and 29, 2025, Plaintiff filed notices of appeal of the District Court's order at Dkt. No. 222 and of the judgement entered thereafter. Dkt. Nos. 225, 227. In support of those appeals, Plaintiff ordered transcripts of hearings before the undersigned that took place on February 29, 2024 (Early Neutral Evaluation); April 18, 2024 (Discovery Conference); May 28, 2024 (Status Conference); July 11, 2024 (Discovery Conference); and July 22, 2024 (Mandatory Settlement Conference). Dkt. No. 229. Before the Court is Plaintiff's motion for the preparation of those transcripts at government expense. Dkt. No. 230. Plaintiff argues there is good cause to do so because he "was granted IFP status and [his] financial situation has not changed," it is "a requirement from the court of

appeals," and denial "would result in Plaintiff having to ask the court of appeals to allow the costs of transcripts to be temporarily waived." Dkt. No. 230 at 2. For reasons discussed below, the Court **DENIES** Plaintiff's motion.

## II.

## LEGAL STANDARDS

"Plaintiff's *in forma pauperis* status in both this court and in the Ninth Circuit Court of Appeals does not automatically entitle Plaintiff to have the court reporter prepare transcripts at government expense." *Morgan v. Doran*, No. CV1:02CV6316 AWIDLBP, 2007 WL 1080580, at *1 (E.D. Cal. Apr. 4, 2007). Rather, a litigant who has been granted leave to proceed *in forma pauperis* ("IFP") must move to have transcripts produced at government expense. *See* 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir. 1991).

Two statutes govern these requests. First, 28 U.S.C. § 1915(c) "defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding [IFP]." *Tuggles v. City of Antioch*, No. C08-01914JCS, 2010 WL 3955784, at *1 (N.D. Cal. Oct. 8, 2010).

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court.

28 U.S.C. § 1915(c). Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal."

In addition to these statutes, Ninth Circuit Rule 10-3.1(e) requires the appellant to "make arrangements with the court reporter to pay for the transcripts ordered," including "obtaining authorization for preparation of the transcript at

government expense."  And the *pro se* guide to appeals attached at Dkt. No. 231-2 advises:

> You may request transcripts at government expense only for district court hearings directly related to your appeal.  The court will not authorize payment for transcripts of hearings held in other courts or on other matters. The court will grant your motion only if it finds that:
>
> - Your appeal is not frivolous, and
>
> - The court needs your transcripts to decide an issue related to your appeal.

Dkt. No. 231-2 at 11.

## III.

## DISCUSSION

Plaintiff's motion "provides insufficient information for the court to determine whether this case is one in which limited government resources should be spent on the preparation of transcripts."  *Morgan*, 2007 WL 1080580, at *2. Plaintiff has merely listed proceedings in this case and asked that transcripts of them be prepared at government expense, without providing the Court "with the specific issues he wishes to appeal" or how the transcripts relate to those issues. *Id.*  Without more, the Court cannot assess whether the transcripts are necessary to decide any issue on appeal.

The Court notes that Plaintiff is appealing the District Court's order granting Defendants' motion for summary judgment, denying Plaintiff's motion for reconsideration, and dismissing the Doe defendants.  *See* Dkt. Nos. 225, 227.  The five hearings for which Plaintiff requests transcripts are either settlement, discovery, or status conferences, and bear no apparent relationship to the summary judgment proceedings.  *See Morgan*, 2007 WL 1080580, at *2 (denying motion where "some of the transcripts Plaintiff requests have nothing to do with the issues mentioned in Plaintiff's notice of appeal.").

The February 29 and July 22, 2024 settlement conferences were confidential, which means they were not recorded and that no transcripts of them exist. *See* Dkt. Nos. 158, 213. The discovery conferences held on April 18 and July 11 (Dkt. Nos. 179, 211) addressed disputes that the undersigned resolved in subsequent written orders, neither of which Plaintiff sought to set aside, nor is he challenging them in his appeal. *See* Dkt. No. 189 (denying without prejudice Plaintiff's motion to compel discovery for non-compliance with Chambers Rules); Dkt. No. 212 (setting time and location for Defendants to take Plaintiff's deposition). The status conference on May 28 related solely to the parties' progress regarding compliance with pretrial deadlines. *See* Dkt. No. 196.

On the current record, the Court finds Plaintiff has made no showing that the requested transcripts will even potentially be necessary to resolve issues on appeal. Plaintiff may renew his request before the undersigned, or alternatively may seek relief in the Ninth Circuit.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for transcripts at government expense [Dkt. No. 230] **WITHOUT PREJUDICE** to renewing the motion in this Court or seeking relief from the appellate court.

**IT IS SO ORDERED.**

Dated: February 7, 2025

Hon. David D. Leshner
United States Magistrate Judge